811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Glenn ROTH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-5242.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1986.
 
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255.
 
 
 2
 On July 12, 1984, the petitioner filed his motion to vacate sentence which resulted from his guilty plea to a charge of armed robbery; on September 10, 1984, the district court overruled the petitioner's motion; on September 21, 1984, petitioner filed a motion for reconsideration; on September 24, 1984, petitioner filed a timely notice of appeal to this court from the district court's order of September 10, 1984 (Case No. 84-5882). During the pendency of the appeal before this court, the district court, although without jurisdiction, on February 20, 1985 granted the petitioner's motion for reconsideration and directed the magistrate to conduct an evidentiary hearing to determine the validity of the petitioner's charges that his guilty plea resulted from ineffective assistance of counsel. Subsequent to an evidentiary hearing on June 20, 1985 (at which petitioner was represented by legal counsel), the magistrate on July 2, 1985 issued his report recommending that the petitioner's motion to vacate sentence be denied and notified the parties that objections to the report were required to be filed within 10 days of receipt of the report.
 
 
 3
 On August 22, 1985, this court (in Case No. 84-5882), having been made aware of the district court's intention to afford the petitioner an evidentiary hearing concerning his charge of ineffective assistance of counsel, vacated the district court's September 10, 1984 order overruling petitioner's motion to vacate sentence and remanded the case to the district court for further proceedings. The district court on February 14, 1986 entered final judgment denying petitioner's motion to vacate dated July 10, 1984, noting that the petitioner had failed to file objections to the magistrate's report and recommendation dated July 2, 1985 while the appeal in Case No. 84-5882 was pending before this court. The petitioner timely appealed that final judgment (Case No. 86-5242).
 
 
 4
 It is apparent that both the district court's order dated February 20, 1985 granting reconsideration of its earlier order dated September 10, 1984 denying relief and the magistrate's report dated July 2, 1985 recommending denial of relief were entered during a period when the district court was without jurisdiction over the case because of the pending appeal in this court in Case No. 84-5882. Thus, the petitioner's failure to file timely objections during that interim cannot properly serve as a basis for the district court's final judgment denying the petitioner relief.
 
 
 5
 Accordingly, the appeal in this action Case No. 86-5242 is hereby remanded to the district court with instructions to re-enter its order granting the petitioner's motion to reconsider his motion to vacate sentence and re-enter, without further hearing, the magistrate's report recommending denial of the petitioner's motion to vacate sentence predicated upon ineffective assistance of legal counsel together with notice to all interested parties of the 10-day period within which to file objections to said report and recommendation.
 
 
 6
 For the reasons aforesaid, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated pursuant to Rule 9(d)(4), Rules of the Sixth Circuit, and this cause is hereby remanded for further consideration consistent with the foregoing opinion.